TENTATIVE RULING

ISSUED BY JUDGE MARGARET M. MANN

| | |
|---|---|
| Adversary Case Name: | ANICE PLIKAYTIS v. DEBRA ROTH & TALMADGE MANAGEMENT CORPORATION |
| Adversary Number: | 11-90147-MM |
| Case Number: | 10-07659-MM11 |
| Hearing: | 11:00 AM Thursday, March 27, 2014 |
| Motion: | STATUS CONFERENCE (fr. 2/27/14) |

On February 26, 2014, the Court continued the status conferences on the litigation and claims objections pending in these related cases for the second time on the issue of the issue of standing. For ease of comprehension, there are three groups of matters relating to: 1) Mercator and West Valley Financial (collectively "Mercator") now administratively consolidated by the Court into adversary #12-90346; 2) Fairmount LP ("FM"), adversary #13-90029, and 3) Debra Roth ("DR"), adversary #13-90147.   These three groups of claims raise different issues as to standing and will be addressed separately.

The Court had provided the parties with a tentative ruling discussing the Court's understanding of the legal issues pertaining to standing on February 26, 2014 ("Tentative") in which it requested additional briefing regarding standing from the parties. This was done as part of the pretrial process under Fed. R. Civ. P. 16(c)(1), incorporated by reference into Bankruptcy Rule 7016. Anice Plikaytis ("AP"), FM and DR filed no additional briefing, waiving their rights to supplement earlier briefing. The Court has considered the additional briefing filed by the Post Confirmation Estate Fiduciary, Christopher Barclay ("PCEF") and Mercator.

Based upon the Order Denying the motion to Convert Case to Chapter 7 and Order Amending Confirmed Plan, Docket #1002 ("Order"), which is final and was not appealed, there is no dispute that AP has been replaced by the PCEF as the estate representative under the confirmed plan and lacks standing as such. As the PCEF recognizes, the issue is identifying the remaining standing AP possesses as a party in interest, which the Court previously reserved and needs to resolve on the record before it, due to the absence of additional briefing by AP. Mercator claims that AP has no remaining standing as an unsecured creditor.

In regard to this issue, the PCEF cites to the plan language dealing with objections to claims and subordination suggests the Court can simply do as it intends. The PCEF states that if the Court intended to divest AP of "all rights under the Plan, including divesting her of the authority to pursue claims, but allowing her to retain her rights as a

general unsecured creditor under the Code, then the Court need only make a minor adjustment to the Order." The PCEF thinks he has a "dilemma" because he was compelled by the Order appointing him to share authority with AP on the adversary proceedings and claims objections.

The PCEF ignores the express language of the Order:

> "Ms. Plikaytis maintains within those adversaries, those rights as identified as a creditor under the Plan. **To the extent Ms. Plikaytis retains standing** in those adversaries to pursue creditor rights, the Post-Confirmation Estate Fiduciary shall join as a party plaintiff in order to represent the Estate's interest in the remaining claims."(emphasis added.)

The express language of the order simply reserved the issue of standing, it did not resolve it. Now is the time to resolve the issue before the litigation proceeds. The PCEF also misunderstands the Court's role and authority. It has no discretion to rule on AP's standing based upon its whims, but only in accordance with the law and the facts before it as it detailed in the Tentative. It particularly cannot make "minor adjustments" that eliminate rights of AP as a party before it. Standing is an issue the Court must raise sua sponte even if no party has raised it. *Avalanche Maritime, Ltd. v. Parekh (In re Parmetex, Inc.)*, 199 F.3d 1029, 1030 (9th Cir. 1999). "Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation." *Paine v. Dickey (In re Paine)*, 250 B.R. 99, 104 (B.A.P. 9th Cir. 2000) (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994)).

The reason the Order simply reserved, rather than resolved, the standing issue is because it is a complex one that requires an analysis of each cause of action and basis for claim objection in each of the pending matters as was done in in *Variable-Parameter Future Dev. Corp. v. Comerica Bank-California (In re Morpheus Lights)*, 228 B.R. 449, 453 (Bankr. N.D. Cal. 1998) (citing Solow v. Stone, 994 F. Supp. 173 (S.D.N.Y. 1998)). There, the bankruptcy court held that whether an individual creditor can bring an equitable subordination claim against another creditor is derivative of the identity of whether that creditor or the estate is the holder of the claim. *Id*. If the holder is the creditor, it has standing. If not, the estate representative alone has standing. *Morpheus* applied that analysis to the claims before it and concluded that the creditor had no standing to bring the equitable subordination and conspiracy to breach fiduciary duty claims because these were based on injury to the debtor not the creditor alone. However, the creditor did have standing to assert its unfair competition claim because that injury was suffered by it alone. *Id. Morpheus* is directly on point in articulating the analysis necessary to establish standing.

The PCEF has not done the necessary claim by claim and objection by objection analysis to the pending claims and must be prepared to do at the hearing. Instead, the PCEF merely relied upon the language of the confirmed plan dealing with claims objections and subordination that is now obsolete.

> (2) **Objections to Claims.** The deadline for any party in interest to file objections to Claims shall be the Claims Objection Date, unless the Bankruptcy Court, upon request, extends such period. Such extension may be granted on an ex parte basis without notice to the affected Creditor. ***Objection may include a request for subordination pursuant to Bankruptcy Code Section 510.*** Filing, service, and prosecution of such objections shall be subject to and in accordance with the Federal Rules of Bankruptcy Procedure and local rules and procedures. Subject to other, specific provisions of this Plan, the Reorganized Debtors will segregate and hold all payments otherwise due any Creditor holding a Claim subject to objection, and such Claim will be paid when a Final Order is entered by the Court allowing such Claim.(emphasis added.)

AP was undisputably a party in interest as the estate representative when the plan was confirmed. Now she is not. The question remains, under these new circumstances, is she still a party in interest and to what extent? The plan language could not grant standing where none exists. AP's standing could only be based upon specific rights she individually owns as a creditor, or her general rights as an unsecured creditors. Sorting this out requires a claim by claim analysis. *Morpheus,* 228 B.R. at 453.

The Court's review of AP's standing on each of these matters is based upon the PCEF's undisputed standing to pursue avoiding power rights. *In re Curry and Sorensen, Inc.*, 57 B.R. 824, 828 (B.A.P. 9th Cir. 1986). The PCEF also has exclusive power to pursue property of the estate. *Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211,* 443 F.3d 1172, 1176 (9th Cir. 2006) (only estate representative has authority to pursue RICO claims that were held by the debtor against its insiders under 11 U.S.C. section 541). In *Ahcom, Ltd. v. Smeding,* 623 F.3d 1248, 1251 (9th Cir. 2010), the Ninth Circuit held that alter ego claim to recover domesticated judgment against shareholders of debtor for breach of a contract with creditor such that the corporate form was intended to defraud that creditor. *See also Kalb, Voorhis & Co. v. American Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. N.Y. 1993) (alter ego of its controlling stockholder is a claim that had to be brought by estate representative since the claim is property of the estate under section 541 since it could only be brought by debtor under Texas law.) The determinative factor in *Ahcom,* 623 F.3d at 1251 was on whether the relief sought benefited the individual creditor or all the creditors; the relief had to benefit the individual creditor for it to have standing. *Id*. (relief sought was to hold insiders liable for breach of contract by debtor as alter ego; only creditor had standing even though grounds included dissipation of assets).

Applying that law to each of the claims in each of the Mercator, FM, and DR matters yields the Court's tentative thinking as follows:

1. Mercator

    A. Adversary Proceeding -

(i) The first cause of action in the JR case seeks avoidance of the transfers of liens to real and personal property between Debtors and Mercator.   Only the PCEF has standing.

(ii) The second cause of action in the JR case seeks an accounting and recovery of the money received on account of the initial and modified promissory notes. The right to an accounting is a right of the debtor and can only be pursued by the PCEF. *Spirtos, id.* at 1174.

(iii) The third cause of action in the JR case seeks turnover of the money, benefit, or property obtained according to the initial and modified promissory notes. This relief sought is property of the estate and only the PCEF has standing. *Id.*

(iv) The fourth cause of action in the JR case seeks cancellation of any lien, trust deed, security interest, pledge agreement, or other interest purporting to secure any obligation of Mercator. This is an avoiding power, and only the PCEF has standing. *Curry*, 57 B.R. at 828.

(v) The fifth cause of action in the JR case seeks subordination of Mercator's claims to the claims of all other creditors based upon the other claims in the complaint. Here, any harm to AP is only derivative of any harm to the estate from Mercator's alleged acts. AP also admits this is for all of the creditors' benefit. As such, only the PCEF has standing. *Morpheus,* 228 B.R. at 453.

(vi) The sixth claim in the JR case seeks rescission of the agreements between the Debtors and Mercator, and restitution of property received under such agreements. Only the PCEF has standing to pursue this asset of the estate. *Spirtos*, 443 F.3d at 1176.

(vii) The seventh claim in the JR case seeks disallowance of any claims in either the Debtors' bankruptcy cases by Mercator based upon the avoidance actions. Because disallowance is merely derivative of the underlying avoidance actions, the PCEF only has standing.

B. Claims Objections -   In the RMC case AP separately objected to Mercator claim but only on the technical grounds that Mercator did not attach security agreement or evidence of perfection. This also does not affect her individually and she does not contend otherwise. Only the PCEF has standing. *See In re Bakke*, 243 B.R. 753, 756 (Bankr. D. Ariz. 1999) ("[A] creditor does not have standing to object to the claims of another creditor in a case where a trustee has been appointed.").

Regarding the Mercator Claim in the JR case, DR alleged a particularized injury because she seeks to invalidate a guarantee she and JR signed that affects her personal debt. She has standing to pursue these claims; however, since filing that

claim, DR received her discharge in a no-asset chapter 7 case. Although this claim was abandoned to her, it is unclear whether she will be pursuing this claim as it does not appear that she is liable on guaranty and she has not filed any briefing on this issue of standing.

The Court notes that AP joined in DR's claim objection, and the PCEF would have exclusive standing to pursue this matter. *Bakke*, 243 B.R. at 756.

2. Fairmount Adversary Proceeding (includes a claim objection)

    A. The first cause of action seeks avoidance of the transfers of liens to real and personal property between Debtors and Fairmount. Only the PCEF has standing. *Curry,* 57 B.R. at 828.

    B. The second cause of action seeks an accounting of the money received on account of the initial and modified promissory notes. property of the estate. The right to an accounting is a right of the debtor and can only be pursued by the PCEF. *Spirtos,* 443 F.3d. at 1174.

    C. The third cause of action seeks turnover of the money, benefit, or property obtained according to the initial and modified promissory notes. This relief sought is property of the estate and only the PCEF has standing. *Id.*

    D. The fourth cause of action seeks cancellation of any lien, trust deed, security interest, pledge agreement, or other interest purporting to secure any alleged obligation. This is an avoiding power, and only the PCEF has standing. *Curry*, 57 B.R. at 828.

    E. The fifth cause of action seeks subordination of the claims of Fairmount to the claims of the other creditors. Here, any harm to AP is only derivative of any harm to the estate from Fairmount's alleged acts. AP also admits this is for all of the creditors' benefit. As such, only the PCEF has standing. *Morpheus,* 228 B.R. at 453.

    F. The sixth cause of action seeks disallowance of any claims of Fairmount filed in either Debtors' case. The disallowance of the claims is based upon the avoidance actions. Because disallowance is merely derivative of the underlying avoidance actions and the PCEF has exclusive standing as to avoidance actions, AP lacks standing to object to Fairmount's claim. *Morpheus, id.*

3. DR Adversary Proceedings

    A. The first cause of action seeks disallowance and equitable subordination of DR's claims to AP's claims based on allegations that DR and Talmadge Management were officers, insiders and alter-egos of the Debtors and participated in numerous fraudulent transfers, mischaracterized community property, and diverted property of the estate to harm AP and creditors generally with the purpose of circumventing the scrutiny of the bankruptcy court. Since these claims are derivative of avoiding power claims or

other harm to the estates and creditors generally, only the PCEF has standing. *Morpheus, id.*

  B. The second cause of action seeks re-characterization of DR's claims as equity based upon the same claims supporting subordination. For the same reasons as to the first cause of action, only the PCEF has standing.

  C. The third cause of action seeks a declaratory judgment that any property that was formerly classified as Debtors' community property, and that was transferred without sufficient consideration, continues to be classified as community property. Only the PCEF has standing as this cause of action seeks property of the estate. *Spirtos,* 443 F.3d. at 1174.

  D. The fourth cause of action seeks recovery of a preference and only the PCEF has standing. *Curry*, 57 B.R. at 828.

  E. The fifth cause of action seeks recovery of a fraudulent conveyance and only the PCEF has standing. *Curry, id.*

  F. The sixth cause of action seeks recovery of a fraudulent conveyance and only the PCEF has standing.   *Id.*

  G. The seventh cause of action seeks remedies for all of the avoidable transfers and thus is derivative of the avoiding power claims. Only the PCEF has standing. *Id.*

The Court will hear argument on these matters.